UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cv-81006-ROSENBERG/BRANNON

L & M COMPANIES, INC.,

    Plaintiff,

v.

MICHAEL J. NAVILIO,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss [DE 34]. The Court has reviewed Plaintiff's response [DE 38] and notes that Defendant failed to file a reply. The Court has also reviewed the case file and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion to Dismiss [DE 34] is **DENIED**.

Plaintiff's Complaint alleges that a company owned and controlled by Defendant violated the Perishable Agricultural Commodities Act of 1930 ("PACA") by failing to pay Plaintiff approximately $30,000 for the sale of perishable produce, and by failing to maintain an adequate trust balance as required by that statute and its associated regulations. *See* DE 1. Plaintiff seeks the imposition of a constructive trust on Defendant's personal residence, which Plaintiff contends was purchased with PACA trust funds Defendant received from the company, at a time when the company had a trust deficit. *Id.* at ¶ 24.

Defendant's Motion to Dismiss argues that "[t]he issues in this case have already been addressed in" *UESUGI Farms, Inc., et al. v. Michael J. Navilio & Son, Inc., et al.*, case no. 15-cv-01724 (N. D. Ill.), a lawsuit in which Defendant states Plaintiff "has thus far chosen not to

intervene[.]" DE 34 at ¶ 1-2. Defendant alleges that the Illinois district court dismissed him from that action because he presented evidence that, when he retired and sold his stock in the company, he paid $200,000 to the company expressly for the purpose of satisfying the company's PACA obligations. *Id.* at ¶¶ 3, 6. He also alleges that, although he "did purchase a property in 2014, he had previously sold a more expensive property (which funded the purchase of his new homestead.)" *Id.* at ¶ 6. Defendant attaches five exhibits to his motion to dismiss, which he alleges are documents that were filed in the Illinois action. *Id.* at ¶ 8. However, he does not attach any orders or judgments entered in that action.

Although it contains no citations to authority, Defendant's Motion to Dismiss appears to be arguing that Plaintiff's claims are barred by the doctrine of res judicata. Generally, res judicata "is an affirmative defense that should be raised under Rule 8(c)," but "a party may raise a res judicata defense by motion rather than by answer where the defense's existence can be judged on the face of the complaint." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). Defendant's motion fails because the existence of this res judicata defense cannot be judged on the face of the complaint.[1] *See, e.g., Spartan Securities Group, Ltd. v. Cactus Drink Sys., Inc.*, No. 8:08-cv-2323-T-26MAP, 2009 WL 1117361, *1 (M.D. Fla. Apr. 24, 2009). Alternatively, to the extent Defendant's Motion to Dismiss attempts to introduce matters outside the pleadings and could therefore be considered a motion for summary judgment under Rule 56, the motion also fails because the attached exhibits do not establish all of the required elements for res judicata. *See Concordia*, 693 F.2d at 1075-76; *State Farm Mut. Auto. Ins. Co. v. B & A Diagnostic, Inc.*, 104 F. Supp. 3d 1366, 1374 (S.D. Fla. 2015).

---

[1] Although Plaintiff's complaint does refer to a prior lawsuit, it has a different case number than the case cited in Defendant's motion to dismiss. *See* DE 34 at ¶ 1-2 (referring to *Chicago Area I.B. of T. Health & Welfare Trust Fund v. Michael J. Navilio & Sons, Inc.*, case no. 15-cv-04145).

Finally, to the extent Defendant disputes the source of the funds he used to purchase the residence at issue, this is a factual dispute not appropriate for disposition on a motion to dismiss. At this stage, the allegations of the complaint must be accepted as true. *See generally Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). Plaintiff's complaint alleges, upon information and belief, that Defendant used PACA trust funds to purchase the residence. *See* DE 1 at ¶ 24.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 36] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 25th day of January, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record